```
                UNITED STATES DISTRICT COURT FOR THE
                      DISTRICT OF NEW HAMPSHIRE
```

Karen M. Magoon and
Brian Magoon

    v.                             Civil No. 13-cv-250-JD

Federal National
Mortgage Association


O R D E R

     Karen and Brian Magoon, proceeding pro se, brought an action in state court, captioned "Plea of Title," challenging the foreclosure sale of their home by Federal National Mortgage Association ("FNMA"). FNMA removed the case to this court based on diversity jurisdiction. FNMA moves to dismiss the case. The Magoons object.


Standard of Review

     Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss on the ground that the plaintiff's complaint fails to state a claim on which relief can be granted. In assessing a complaint for purposes of a motion to dismiss, the court "separate[s] the factual allegations from the conclusory statements in order to analyze whether the former, if taken as true, set forth a plausible, not merely conceivable, case for relief." Juarez v. Select Portfolio Servicing, Inc., 708 F.3d

269, 276 (1st Cir. 2013) (internal quotation marks omitted).  "If the facts alleged in [the complaint] allow the court to draw the reasonable inference that the defendants are liable for the misconduct alleged, the claim has facial plausibility."  <u>Id.</u> (internal quotation marks omitted).

## Background

The Magoons state in the "Plea of Title" that FNMA "alleges" that it foreclosed on their home as part of an eviction proceeding against them.  The eviction proceeding "has been bound over to Superior Court after title issues were raised at the district Court [sic] level."  The Magoons state that FNMA was obligated in the eviction proceeding to show that "it has legal standing . . . pursuant to RSA 540:12."

The Magoons allege that the foreclosure deed on the property that was their home has been recorded in the Rockingham County Registry of Deeds.  They challenge the foreclosure deed on the ground that there is "confusion as to who the true owner in interest of the mortgage debt really was."

## Discussion

The "Plea of Title" is brought pursuant to RSA 479, II-a, pertaining to challenges to "the form of notice, manner of giving

notice, [and] the conduct of the foreclosure sale." FNMA moves to dismiss the action on the ground that under RSA 479, II, actions "based on the validity of the foreclosure" are barred unless the mortgagor brought a petition to enjoin the foreclosure before the sale occurred. In response, the Magoons repeat the allegations in their complaint and assert that FNMA did not establish that it was the owner of the property, pursuant to RSA 540:12, for purposes of the foreclosure.

RSA 540:12 provides for possessory action by an owner, a lessor, or a purchaser at a mortgage foreclosure sale. See Wells Fargo Bank v. Schultz, 164 N.H. 608, 610-11 (2013). RSA 479:25 provides procedures required for a foreclosure sale, a time limit for bringing claims to challenge the notice or conduct of the foreclosure sale, and a bar to actions challenging the validity of a foreclosure sale unless a petition to enjoin the sale was filed.

RSA 479:25, II "bars any action based on facts which the mortgagor knew or should have known soon enough to reasonably permit the filing of a petition prior to the sale." Murphy v. Fin. Dev't Corp., 126 N.H. 536, 540 (1985). Claims based on the alleged invalidity of an assignment of the mortgage are barred by RSA 479:25, II unless the plaintiff petitioned to enjoin the

3

foreclosure sale.  Calef v. Citibank, N.A., 2013 WL 653951, at *4 (D.N.H. Feb. 21, 3013).

The Magoons do not allege or assert that they filed a petition to enjoin the foreclosure before the sale occurred as is required by RSA 479:25, II.  A petition filed before the foreclosure sale is a prerequisite to challenging the validity of the foreclosure.  Therefore, their "Plea of Title" is barred.

## Conclusion

For the foregoing reasons, the defendant's motion to dismiss (document no. 5) is granted.

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

August 6, 2013

cc: Alexander G. Henlin, Esquire
    Brian Magoon, pro se
    Karen M. Magoon, pro se